In re Obstruction of Summit County Driveway by Akron Police Department: Whiddon, Chief of Police, Appellant.

(No. 4777—Decided March 4, 1959.)

*Mr. Harry N. Van Berg,* director of law, for appellant.

Doyle, P. J.   We have before us the matter of the attempted appeal of Harry Whiddon, Chief of Police of the city of Akron.

The notice on file is as follows:

"Appellant Harry Whiddon as Chief of Police of the city of Akron hereby gives notice of his appeal to the Court of Appeals on questions of law from the judgment and final order entered herein on the 3rd day of December, 1957."

It appears that on November 26, 1957, Walter B. Wanamaker, then a judge of the Common Pleas Court of Summit County, filed for record the following journal entry in the Court of Common Pleas:

"1. It appearing to the court that the subject matter of this proceeding is impossible to be dealt with in the normal

informal manner, such as common courtesy should dictate, by reason of the contrariness of the members of the police department, and it appearing further to the court that this obstruction, interfering with, and arresting of judges from coming to and going from their place of business has occurred intermittently for more than one year last past, all informal protests and warnings to the contrary notwithstanding, said matters having been taken up with the chief of police directly, by at least one judge of this court, to no avail.

"2. It is therefore, considered that a formal hearing shall be held in the courtroom of the Honorable W. B. Wanamaker, judge of this court, on the 29th day of November, 1957, at 1:15 o'clock p. m.

"3. It is further ordered that the clerk shall issue a subpoena for the Chief of Police of the city of Akron, Harry Whiddon, to attend at said hearing and to give testimony there and to bring with him for the same purpose two police officers— to wit, Robert Timberlake and Griffin Greenert.

"By order of the Court of Common Pleas. Wanamaker, J."

On the same day, November 26, 1957, the clerk of courts issued subpoenas, with copies of the journal entry attached, for the persons named in the entry.

On the 29th day of November, 1957, a hearing was had by Judge Wanamaker in his courtroom, and various witnesses were examined by the judge, including the chief of police, Whiddon. The judge, himself, gave testimony in the form of a statement from the bench. At the conclusion of the hearing, there was entered of record the following journal entry:

"1. This day—to wit, the 29th day of November, 1957— at 1:15 o'clock p. m., the above matter came on for hearing as to the matters set forth in the journal entry of November 26, 1957, convoking said hearing.

"2. Upon the sworn testimony of the Chief of Police of the city of Akron and diverse witnesses, it appeared that the area for use as a driveway at its narrowest point is a distance of fourteen (14) feet nine (9) inches, excepting for a short space where the building of the Summit County jail extends out into

the areaway, and it further appearing from the evidence the police patrol wagon has a width of seven (7) feet three (3) inches, and that no evidence was adduced in conflict with such facts, the court finds that over much of the larger part of the driveway—to wit, that space along which the allocation for probate and common pleas judges' cars are to be parked—is adequate for cars to pass each other when not obstructed by parking in the middle of said area, and it appearing further that the police patrol wagon has so repeatedly parked in the middle of said strip so as to obstruct the use thereof and interefere with judges of this county from going to and from their offices, it is, therefore, considered an injunction issue, restraining the chief of police and his police force and all others to whose attention notice of this order shall come from parking in said areaway in the middle thereof or in any other manner to obstruct the other half of the driveway for use of other vehicles.

"3. It is further considered that the sheriff shall serve upon the chief of police, Harry Whiddon, personally, a copy of this order, together with additional copies to be brought to the attention of the police force in such and in a same manner as the orders of the chief of police are brought to the attention of the officers in his police force, and a return of the service in the above matter shall be made by the sheriff to the clerk of this court, there to be recorded.

"4. To all of which the attorney for the city law department excepts.

"(Signed)   Wanamaker, J."

The record shows no service of summons upon anyone. The witnesses appeared pursuant to subpoena only. The attempted appeal by one of the witnesses subpoenaed, Harry Whiddon, chief of police, raises the question of the validity of an *ex parte* order of the Common Pleas Court, restraining him as chief of police, his police force, and others, from obstructing a driveway on county property adjacent to the jail and thereby interfering with the efficient operation of the Court of Common Pleas.

The question first challenging our attention is whether the

police chief can prosecute this appeal, and whether this court has jurisdiction to hear it.

That Judge Wanamaker possessed the power to conduct an *ex parte* hearing of the kind shown here, we have no doubt. He claimed that a police patrol wagon, operated by the police department in conveying prisoners from the city jail to the county jail, unnecessarily obstructed and interfered with him from going to and from the courtroom in the courthouse, from which he carried on his duties as a judge.

Over and beyond the powers given by the Constitution and the statutes to the courts, a court possesses all reasonable powers necessary to preserve the free and untrammeled exercise of its functions and to that end may, in appropriate cases, conduct *ex parte* hearings and make *ex parte* orders without formally instituting an action to secure the desired relief.

As to the right of appeal, Section 2505.03, Revised Code, provides in part as follows:

"Every *final order,* judgment, or decree of a court * * * may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law * * *." (Italics ours.)

Section 2505.02, Revised Code, defines a *"final order,"* in part, as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, *an order affecting a substantial right made in a special proceeding* or upon a summary application in an action after judgment * * *." (Italics ours.)

The order attempted to be here reviewed could fall perhaps within the above language, as an order made in a special proceeding, which would leave the quaere, whether it "affected a substantial right." In other words, What substantial right of Chief of Police Whiddon, the appellant, did the order affect?

The order restrained the chief and his force from parking police patrol wagons in the middle of a driveway, adequate in size to accommodate automobiles proceeding to and fro over it, and from in any other manner obstructing the use of the driveway, which practice was found to interfere somewhat with

Judge Wanamaker and his associate judges in carrying on court functions.

Certainly this order does not affect a "substantial right" of the officer, because no such right exists in him or his department to interfere with a court or a judge thereof in freely and without hindrance exercising court functions.

It therefore follows that the order from which the appeal is attempted is not a "final order" from which an appeal can be taken.

If, perchance, on a later day, the police were cited in contempt or otherwise for violation of the order, the claimed offender, or offenders, would then have his or their day in court, and would then have the right to interpose such defenses as would appear adequate to meet the issue.

The appeal is dismissed.

*Appeal dismissed.*

STEVENS and HUNSICKER, JJ., concur.